# UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| **NASHVILLE PEDAL TAVERN, LLC,** ) | CIVIL ACTION NO. _____ |
| ) | |
| **PLAINTIFF,** ) | |
| ) | |
| **VS.** ) | |
| ) | |
| **SPROCKET TOURS, LLC,** ) | |
| ) | |
| **DEFENDANT.** ) | |
| ) | |

# COMPLAINT

Plaintiff Nashville Pedal Tavern, LLC ("Nashville Pedal Tavern" or "Plaintiff") for its Complaint against Sprocket Tours, LLC, d/b/a Sprocket Rocket Party Bike ("Sprocket Rocket" or "Defendant"), alleges as follows:

## NATURE OF THE ACTION

1. This is a civil action for trademark infringement and unfair competition arising under the United States Trademark Act of 1946, as amended, 15 U.S.C. § 1051 *et seq.* (the "Lanham Act"), and Tennessee common law.

## THE PARTIES

2. Plaintiff Nashville Pedal Tavern is a limited liability company organized under the laws of Tennessee, with its principal place of business located at 1514A Demonbreun Street, Nashville, TN 37203.

3. Defendant Sprocket Tours is, upon information and belief, a limited liability company organized under the laws of Tennessee, doing business as Sprocket Rocket Party Bike, with its principal place of business located at 516 5th Avenue South, Nashville, TN 37203.

## JURISDICTION AND VENUE

4. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because Plaintiff has asserted claims under the Lanham Act, 15 U.S.C. §§ 1051, 1119 *et seq.* This Court has supplemental jurisdiction over Plaintiff's related state-law claims under 28 U.S.C. § 1367 and 28 U.S.C. § 1338(b).

5. This Court has personal jurisdiction over Defendant because Plaintiff's claims arise out of the conduct alleged below by Defendant occurring in this jurisdiction and because Defendant resides in and operates its principal place of business in this jurisdiction.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because Plaintiff resides in this District, and upon information and belief, Plaintiff and Defendant both reside in Tennessee. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Plaintiff's claims, including Defendant's conduct alleged below, occurred in this District.

## DEMAND FOR JURY TRIAL

7. Plaintiff demands a trial by jury for all such claims so triable.

## FACTUAL ALLEGATIONS

**A. Plaintiff's PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ Marks.**

8. Under Plaintiff's PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks, Plaintiff offers tours on a 15-passenger, non-motorized, four-wheel party bicycle that follows a two-hour route through the streets of Nashville. Each party bicycle is driven and

guided by Plaintiff's employees. Although Plaintiff does not provide any beverages, customers are allowed to bring beverages of their choice aboard the party bicycle.

9. Plaintiff has continuously used in commerce the PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks in connection with conducting travel tours by a large non-motorized, four-wheel vehicle ("Plaintiff's Services") since at least as early as February 2010.

10. Plaintiff has expended significant time, resources, and expense to advertise, market, and promote Plaintiff's Services under the PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks.

11. Plaintiff's Services under the PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks are widely known and regarded as high quality by consumers.

12. Attached as Exhibit 1 is a true and correct copy of a printout from Plaintiff's website at the following URL: http://www.nashvillepedaltavern.com/.

13. The web pages in the attached Exhibit 1 show Plaintiff's use of the PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks in connection with Plaintiff's Services, as well as consumer reviews that reflect the widespread recognition, goodwill, and exceptional reputation associated with Plaintiff's Services under the PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks.

14. Consumers have come to know, rely upon, and recognize the PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks as strong and distinctive indicators of the source and quality of Plaintiff's Services.

15. Plaintiff has established common law trademark rights in the PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks through approximately seven years of use in commerce in connection with Plaintiff's Services.

16. In addition to Plaintiff's common law trademark rights in the PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks, Plaintiff is also the record owner of a federal trademark registration for its PEDAL TAVERN® mark.

17. Plaintiff is the record owner of U.S. Trademark Registration No. 5,034,224 for the PEDAL TAVERN® mark in connection with "conducting travel tours by a large non-motorized, four-wheel vehicle."

18. Attached as Exhibit 2 is a true and correct copy of Plaintiff's trademark registration, along with a printout from the electronic database records of the United States Patent and Trademark Office ("USPTO"), demonstrating the current status and title of U.S. Registration No. 5,034,224.

19. Plaintiff's PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks are inherently distinctive and are, at minimum, suggestive of Plaintiff's Services.

20. Plaintiff's PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks are not merely descriptive of Plaintiff's Services for several reasons, including the fact that Plaintiff does not sell or provide alcohol to consumers.

21. Plaintiff's PEDAL TAVERN® mark is presumed to be valid, and therefore not merely descriptive, because the USPTO approved Plaintiff's PEDAL TAVERN® mark for registration on the Principal Register, pursuant to 15 U.S.C. § 1115(a).

22. There is no need for Plaintiff's competitors to use the phrase "PEDAL TAVERN" in connection with competitive services, because the well-recognized descriptive terms for the vehicles used by Plaintiff and Plaintiff's competitors are "party bikes" or "pedal carriages."

**B.      Defendant's Infringing Uses of Plaintiff's PEDAL TAVERN® mark.**

23. Upon information and belief, Defendant provides tours in Nashville on a large, non-motorized four-wheel vehicle ("Defendant's Services").

24. In or about the year 2014, Plaintiff became aware that Defendant was using Plaintiff's PEDAL TAVERN® mark without Plaintiff's permission in connection with the advertising, promotion, and sale of Defendant's Services.

25. Defendant has displayed and continues to display infringing uses of Plaintiff's PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks on Defendant's website, http://sprockettours.com (hereinafter "Defendant's Website") in connection with the advertising, promotion, and sale of Defendant's Services.

26. Attached as Exhibit 3 is a true and correct copy of a printout from Defendant's Website.

27. In Exhibit 3, Defendant's identical use of Plaintiff's PEDAL TAVERN® mark, and confusingly similar use of Plaintiff's NASHVILLE PEDAL TAVERN™ mark, includes the title of Defendant's Website, which contains in part the following text: "Nashville's #1 Party Bike Pedal Tavern"

28. Attached as Exhibit 4 is a true and correct copy of the first two pages of the publicly available source code for Defendant's Website at the URL http://sprockettours.com.

29. In Exhibit 4, Defendant's identical use of Plaintiff's PEDAL TAVERN® mark, and confusingly similar use of Plaintiff's NASHVILLE PEDAL TAVERN™ mark, includes the

"title" fields for Defendant's Website, which contain the following text: "Nashville's #1 Party Bike Pedal Tavern, Beer Bike Sprocket Rocket."

30. In Exhibit 4, Defendant's identical use of Plaintiff's PEDAL TAVERN® mark, and confusingly similar use of Plaintiff's NASHVILLE PEDAL TAVERN™ mark, is shown in the section for "SEO [Search Engine Optimization] plugin," including the "description" fields for Defendant's Website, which contain the following text: "Drink beer and explore Music City on Nashville's #1 party bike, Pedal Tavern, and pub crawl adventure! Call Sprocket Rocket to schedule an event today."

31. Attached as Exhibit 5 is a true and correct copy of a printout from Google.com, showing search results for the query "pedal tavern Nashville."

32. In Exhibit 5, Defendant's identical use of Plaintiff's PEDAL TAVERN® mark, and confusingly similar use of Plaintiff's NASHVILLE PEDAL TAVERN™ mark, includes the title of Defendant's Website in the search results, which includes the following text: "Nashville's #1 Party Bike Pedal Tavern, Beer Bike Sprocket Rocket."

33. In Exhibit 5, Defendant's identical use of Plaintiff's PEDAL TAVERN® mark, and confusingly similar use of Plaintiff's NASHVILLE PEDAL TAVERN™ mark, includes the description of Defendant's Website in the search results, which includes the following text: "Drink beer and explore Music City on Nashville's #1 party bike, Pedal Tavern, and pub crawl adventure! Call Sprocket Rocket to schedule an event today."

34. Attached as Exhibit 6 is a true and correct copy of a printout from a subpage of Defendant's Website, http://sprockettours.com/faq (hereinafter "Defendant's FAQ Subpage Part 1").

6

35. In Exhibit 6, Defendant's identical use of Plaintiff's PEDAL TAVERN® mark includes the following text that appears on Defendant's FAQ Subpage Part 1: "I mean you're the ones traveling from who knows where to book this amazing party bike/pedal tavern"

36. In Exhibit 6, Defendant's identical use of Plaintiff's PEDAL TAVERN® mark, and confusingly similar use of Plaintiff's NASHVILLE PEDAL TAVERN™ mark, includes the following text that appears on Defendant's FAQ Subpage Part 1: "Sprocket Rocket is the ONLY party bike/pedal tavern in Nashville that offers an electric-assist motor, an experienced driver AND a professional bartender/photographer."

37. Attached as Exhibit 7 is a true and correct copy of a printout from a subpage of Defendant's Website, http://sprockettours.com/faq (hereinafter "Defendant's FAQ Subpage Part 2").

38. In Exhibit 7, Defendant's identical use of Plaintiff's PEDAL TAVERN® mark, and confusingly similar use of Plaintiff's NASHVILLE PEDAL TAVERN™ mark, includes the following text that appears on Defendant's FAQ Subpage Part 2: "Sprocket Rocket is not only the best Party Bike/Pedal Tavern in Nashville, but the easiest to pedal!"

39. Upon information and belief, Defendant did not use the PEDAL TAVERN® mark or the NASHVILLE PEDAL TAVERN™ mark in interstate commerce prior to February 2010.

40. Plaintiff's rights to and uses of the PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks in connection with Plaintiff's Services are superior and prior to Defendant's infringing uses of the PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks.

**C. Defendant's Failure to Cooperate in Response to Plaintiff's Reasonable Demands.**

41. In 2014, Plaintiff requested that Defendant remove its use of Plaintiff's PEDAL TAVERN® mark from Defendant's Website, and Defendant complied with Plaintiff's request.

42. However, in April 2016, Plaintiff noticed that Defendant was again using Plaintiff's PEDAL TAVERN® mark on Defendant's Website.

43. On April 12, 2016, Plaintiff e-mailed Defendant through Defendant's owner Emmit Martin, requesting that Defendant cease its use of Plaintiff's PEDAL TAVERN® mark on Defendant's Website and other promotional material.

44. A true and correct copy of Plaintiff's e-mail of April 12, 2016, to Defendant is attached as <u>Exhibit 8</u>.

45. On December 5, 2016, Plaintiff contacted Defendant by letter regarding Defendant's continued use of Plaintiff's PEDAL TAVERN® mark on Defendant's Website and Internet advertisements.

46. A true and correct copy of the letter of December 5, 2016 from Plaintiff to Defendant is attached as <u>Exhibit 9</u>.

47. On December 8, 2016, Defendant responded by e-mail to Plaintiff's letter of December 5, 2016. In this e-mail, Defendant did not agree to cease use of Plaintiff's marks and stated that "[t]his is a closed matter as far as im [sic] concerned."

48. A true and correct copy of Defendant's e-mail of December 8, 2016, to Plaintiff is attached as <u>Exhibit 10</u>.

49. On January 19, 2017, Plaintiff contacted Defendant by letter regarding Defendant's infringing uses of Plaintiff's PEDAL TAVERN® and NASHVILLE PEDAL TAVERN$^{TM}$ marks on Defendant's Website and Internet advertisements. This letter requested a response by January 27, 2017.

50. A true and correct copy of the letter of January 19, 2017 from Plaintiff to Defendant is attached as <u>Exhibit 11</u>.

51. Defendant did not respond to Plaintiff's most recent letter of January 19, 2017 shown in Exhibit 11 by January 27, 2017 as requested.

**D.  A Likelihood of Confusion Arises from Defendant's Identical Use of Plaintiff's PEDAL TAVERN® Mark and Confusingly Similar Uses of Plaintiff's NASHVILLE PEDAL TAVERN™  Mark for Identical Services.**

52. The "PEDAL TAVERN" mark used by Defendant in connection with Defendant's Services is identical to Plaintiff's PEDAL TAVERN® mark.

53. Defendant numerous uses of the word "NASHVILLE" in close proximity to the words "PEDAL TAVERN" in connection with Defendant's Services is highly similar to Plaintiff's NASHVILLE PEDAL TAVERN™ mark.

54. Plaintiff's Services are identical to Defendant's Services.

55. Plaintiff's PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks are conceptually strong.

56. Plaintiff's PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks are commercially strong.

57. Plaintiff's Services and Defendant's Services are sold, offered, provided, marketed, and advertised in the same channels of trade to the same classes of consumers.

58. Plaintiff's Services and Defendant's Services are sold, offered, provided, marketed, and advertised within the city of Nashville, Tennessee.

59. Plaintiff's Services and Defendant's Services directly compete with each other.

60. The relevant consumers of Plaintiff's Services and Defendant's Services exercise a low degree of purchaser care.

61. Upon information and belief, Defendant was aware of Plaintiff, Plaintiff's PEDAL TAVERN® mark, and Plaintiff's NASHVILLE PEDAL TAVERN™ mark, when

Defendant adopted and began its identical uses of Plaintiff's PEDAL TAVERN® mark and its confusingly similar uses of Plaintiff's NASHVILLE PEDAL TAVERN™ mark.

62. Upon information and belief, Defendant adopted and began making identical uses of Plaintiff's PEDAL TAVERN® mark in bad faith, with knowledge of and intent to infringe Plaintiff's rights in its PEDAL TAVERN® mark.

63. Upon information and belief, Defendant adopted and began making confusingly similar uses of Plaintiff's NASHVILLE PEDAL TAVERN™ mark in bad faith, with knowledge of and intent to infringe Plaintiff's rights in its NASHVILLE PEDAL TAVERN™ mark.

64. After Plaintiff demanded that Defendant cease its infringing uses of PEDAL TAVERN® mark in the year 2014, Defendant has continued its use of Plaintiff's PEDAL TAVERN® mark in bad faith, with knowledge of and intent to infringe Plaintiff's rights in its PEDAL TAVERN® mark.

65. After Plaintiff demanded that Defendant cease its infringing uses of Plaintiff's PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks in 2016 and 2017, Defendant has continued its infringing uses of Plaintiff's PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks in bad faith, with knowledge of and intent to infringe Plaintiff's rights in those marks.

66. Upon information and belief, instances of actual confusion have arisen as to the origin, sponsorship, or approval of Defendant's services and the affiliation, connection, or association of Defendant with Plaintiff.

67. Because of Defendant's use of a mark identical to Plaintiff's PEDAL TAVERN® mark for services that are identical or highly related to Plaintiff's Services, consumers are likely

to be confused as to the origin, sponsorship, or approval of Defendant's Services and the affiliation, connection, or association of Defendant with Plaintiff.

68. Because of Defendant's use of marks that are highly similar to Plaintiff's NASHVILLE PEDAL TAVERN™ mark for services that are identical or highly related to Plaintiff's Services, consumers are likely to be confused as to the origin, sponsorship, or approval of Defendant's Services and the affiliation, connection, or association of Defendant with Plaintiff.

## COUNT I: FEDERAL TRADEMARK INFRINGEMENT
(**15 U.S.C. § 1114**)

69. Plaintiff restates and incorporates by reference herein the allegations set forth above.

70. Without the consent of Plaintiff, Defendant has intentionally used, and is intentionally using in interstate commerce, in connection with the sale, offer for sale, and distribution of Defendant's Services, a mark that is confusingly similar to the PEDAL TAVERN® mark identified in Plaintiff's U.S. Trademark Registration No. 5,034,224.

71. Defendant's intentional use of a mark that is confusingly similar to Plaintiff's PEDAL TAVERN® mark constitutes willful trademark infringement within the meaning of 15 U.S.C. § 1114.

72. Defendant's actions are likely to cause confusion or to cause mistake or to deceive consumers as to the source of the goods and services in violation of 15 U.S.C. § 1114.

73. Defendant's actions have caused consumers to be confused, mistaken, and deceived as to the source of the goods in violation of 15 U.S.C. § 1114.

74. The intentional, bad-faith, and exceptional nature of Defendant's unlawful acts alleged herein entitle Plaintiff to an award of enhanced damages above Plaintiff's actual damages, and an award of attorney's fees, under 15 U.S.C. § 1117(a).

75. Defendant's actions have caused, and are causing, irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, and Defendant will continue its unlawful actions unless enjoined by this Court.

76. Under 15 U.S.C. §§ 1116(a) and 1117(a), Plaintiff is entitled to: (a) Defendant's profits; (b) Plaintiff's damages (including, but not limited to, lost profits); (c) costs; (d) enhanced damages; (e) attorney's fees; and (f) equitable relief in the form of an injunction.

## COUNT II: FEDERAL UNFAIR COMPETITION/FALSE DESIGNATION OF ORIGIN
## (15 U.S.C. § 1125(a))

77. Plaintiff restates and incorporates by reference herein the allegations set forth above.

78. Without the consent of Plaintiff, Defendant has intentionally used, and is continuing to intentionally use, in conjunction with goods shipped through interstate commerce, marks that are confusingly similar to Plaintiff's PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks.

79. Defendant's actions are likely to cause confusion or to cause mistake or to deceive consumers, constitute a false designation of origin, a false or misleading description of fact, and/or a false or misleading representation of fact in violation of 15 U.S.C. § 1125(a)(1)(A).

80. Defendant's actions have caused consumers to be confused, mistaken, or deceived in violation of 15 U.S.C. § 1125(a)(1)(A).

81. The intentional, bad-faith, and exceptional nature of Defendant's unlawful acts alleged herein entitle Plaintiff to an award of enhanced damages above Plaintiff's actual damages, and an award of attorney's fees, under 15 U.S.C. § 1117(a).

82. Defendant's actions have caused, and are causing, irreparable injury to Plaintiff for which Plaintiff has no adequate remedy at law, and Defendant will continue its unlawful actions unless enjoined by this Court.

83. Under 15 U.S.C. §§ 1116(a) and 1117(a), Plaintiff is entitled to: (a) Defendant's profits; (b) Plaintiff's damages (including, but not limited to, lost profits); (c) costs; (d) enhanced damages; (e) attorney's fees; and (f) equitable relief in the form of an injunction.

## COUNT III: VIOLATION OF THE TENNESSEE CONSUMER PROTECTION ACT
### (Tenn. Code § 47-18-104(b))

84. Plaintiff restates and incorporates by reference herein the allegations set forth above.

85. Defendant's acts in adopting and using marks that are identical to Plaintiff's PEDAL TAVERN® mark, and confusingly similar to Plaintiff's NASHVILLE PEDAL TAVERN™ mark, in connection with Defendant's Services, are unfair or deceptive acts that affect the conduct of Plaintiff's trade or commerce in connection with Plaintiff's Services.

86. Defendant's acts in adopting and using a mark that is identical to Plaintiff's PEDAL TAVERN® in connection with Defendant's Services causes a likelihood of confusion or of misunderstanding by Tennessee consumers as to the source, sponsorship, approval or certification of goods or services, in violation of Tenn. Code § 47-18-104(b)(2).

87. Defendant's acts in adopting and using marks that are identical to Plaintiff's PEDAL TAVERN® mark, and confusingly similar to Plaintiff's NASHVILLE PEDAL TAVERN™ mark, in connection with Defendant's Services causes a likelihood of confusion or misunderstanding as to affiliation, connection or association with Plaintiff, in violation of Tenn. Code § 47-18-104(b)(3).

## COUNT IV: TENNESSEE COMMON LAW UNFAIR COMPETITION

88. Plaintiff restates and incorporates by reference herein the allegations set forth above.

89. Plaintiff's PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks have become well known in the state of Tennessee and serve to identify Plaintiff as the source of Plaintiff's Services and to distinguish Plaintiff's Services from those of others.

90. Without the consent of Plaintiff, Defendant has intentionally used, in connection with the sale, offer for sale, and distribution of Defendant's Services, marks that are confusingly similar to the PEDAL TAVERN® and NASHVILLE PEDAL TAVERN™ marks.

91. By adopting and using marks that are identical to Plaintiff's PEDAL TAVERN® mark, and confusingly similar to Plaintiff's NASHVILLE PEDAL TAVERN™ mark, in connection with Defendant's Services, Defendant passed off Defendant's Services as those of the Plaintiff.

92. Upon information and belief, by adopting and using marks that are identical to Plaintiff's PEDAL TAVERN® mark, and confusingly similar to Plaintiff's NASHVILLE PEDAL TAVERN™ mark, in connection with Defendant's Services, Defendant intended to deceive the public as to the source of Defendant's Services.

93. Upon information and belief, the public was actually confused or deceived as to the source of the services offered by Defendant based on Defendant's use of marks that are identical to Plaintiff's PEDAL TAVERN® mark, and confusingly similar to Plaintiff's NASHVILLE PEDAL TAVERN™ mark.

94. Defendant's conduct in adopting and using marks that are identical to Plaintiff's PEDAL TAVERN® mark, and confusingly similar to Plaintiff's NASHVILLE PEDAL TAVERN™ mark, in connection with Defendant's Services, constitutes unfair competition under Tennessee common law.

95. By reason of Defendant's acts of unfair competition, Plaintiff has suffered and will continue to suffer substantial damage to its business in the form of diversion of trade, loss of profits, loss of goodwill, and damage to reputation.

96. Unless restrained and enjoined, Defendant's acts of unfair competition will continue to cause Plaintiff ongoing, irreparable injury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court enter Judgment in favor of Plaintiff, that:

1. Defendant has willfully and deliberately violated 15 U.S.C. § 1114(a), Plaintiff has been damaged by such violations, and Defendant is liable to Plaintiff for such violations;

2. Defendant has willfully and deliberately violated 15 U.S.C. § 1125(a)(1)(A), Plaintiff has been damaged by such violations, and Defendant is liable to Plaintiff for such violations;

3. Defendant has committed common law unfair competition, Plaintiff has been damaged by such conduct, and Defendant is liable to Plaintiff for common law unfair competition;

4. Defendant has violated the Tennessee Consumer Protection Act as a result of the conduct alleged herein, Plaintiff has been damaged by such violation, and Defendant is liable to Plaintiff for such violation;

5. Under all claims for relief, an injunction be preliminarily and permanently issued enjoining Defendant, its officers, agents, servants, attorneys, employees, privies, successors, and assigns, and all holding for or through them, and all persons in active concert or participation with any of them from:

    a. Any unauthorized use, sale, distribution, transport, display, advertising, copying, imitating, or infringing of the PEDAL TAVERN® mark, or the NASHVILLE PEDAL TAVERN™ mark, or any confusingly similar variations thereof;

    b. Using or displaying the PEDAL TAVERN® mark, or the NASHVILLE PEDAL TAVERN™ mark, or any confusingly similar variations thereof, on any website, advertisements, displays, signs, promotions, or any other materials or communications in connection with the sale of Defendant's products or services;

    c. Violating the Tennessee Consumer Protection Act;

6. Defendant be directed to account and pay over to Plaintiff all gains, profits, and advantages derived from said acts as provided for in 15 U.S.C. § 1117;

7. Defendant be directed to pay Plaintiff the damages Plaintiff has sustained by reason of the conduct alleged herein;

8. Defendant be directed to pay Plaintiff for corrective advertising;

9. Defendant be directed to pay Plaintiff three times its actual damages for Defendant's willful and intentional misconduct as provided for in 15 U.S.C. § 1117(a);

10. Defendant be directed to pay Plaintiff additional enhanced damages as provided for in 15 U.S.C. § 1117(a) if the amount of recovery based on Defendant's profits is deemed

inadequate by this Court according to the circumstances of this case, including Defendant's willful infringement in bad faith.

11. Defendant be directed to pay to Plaintiff punitive damages by reason of the conduct alleged herein;

12. Defendant be directed to pay pre-judgment interests on Plaintiff's damages and/or other monetary award;

13. Defendant be directed to pay the cost of this action as provided in 15 U.S.C. § 1117;

14. Defendant's willful and bad-faith misconduct alleged herein makes this an "exceptional" case such that Defendant is directed to pay all of Plaintiff's attorney's fees as provided in 15 U.S.C. § 1117(a); and

15. The Court grant such other and further relief as is just and proper.

Respectfully submitted,

**TAYLOR, PIGUE, MARCHETTI & BLAIR, PLLC**

By: *s/ L. Gino Marchetti, Jr.*
L. Gino Marchetti, Jr., BPR # 005562
Keith W. Blair, BPR #015366
Charles Michels, BPR #31232
Lauren M. Poole, BPR #35399
2908 Poston Avenue
Nashville, Tennessee 37203
(615) 320-3225
(615) 320-3244 Fax
gmarchetti@tpmblaw.com
kblair@tpmblaw.com

cmichels@tpmblaw.com
lpoole@tpmblaw.com

*Attorneys for Plaintiff*